U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 0 1 2005

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ROY LEE JONES | CIVIL ACTION NO. 05-1183 |
| VERSUS | SECTION "P" |
| WARDEN BURL CAIN | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Roy Lee Jones, ("Petitioner") pursuant to 28 U.S.C. § 2254. The petition was received and filed in this court on July 1, 2005. Petitioner is currently confined in the Louisiana State Penitentiary in Angola, Louisiana, and names Warden Burl Cain as respondent.

Petitioner challenges his state court conviction for armed robbery and aggravated rape. Petitioner pled not guilty to the armed robbery and the aggravated rape on March 15, 1984 in the Ninth Judicial District Court of Louisiana for Rapides Parish. He was sentenced to life imprisonment. Petitioner directly appealed his conviction to the Third Circuit Court of Appeal, and the conviction was affirmed April 10th, 1985. [Rec. Doc. 3-1, p.3]

Upon review of the entire record and for the following reasons, it is recommended that petitioner's *habeas corpus* petition be **DENIED AND DISMISSED WITH PREJUDICE** because his claims are barred by the one-year limitation period codified at

28 U.S.C. §2244(d).

## ISSUES PRESENTED AND PROCEDURAL HISTORY

Petitioner asserts the following grounds in support of this *habeas corpus* petition: (1) Unconstitutional selection of the grand jury foreperson; (2) invalid indictment; (3) that he received ineffective assistance of counsel.

Petitioner appealed his conviction to the Louisiana Third Circuit Court of Appeals. On April 10th, 1985, that court affirmed. *State v. Jones*, 467 So.2nd 147 (La. App. 3d Cir 1985). It appears Petitioner did not seek review in the Louisiana Supreme Court.

Petitioner filed an application for post-conviction relief in the Ninth Judicial District Court on an unspecified date[1] which was denied on April 23, 2004. Petitioner sought discretionary review of the denial in the Third Circuit Court of Appeals on June 8, 2004; this was denied on August 11, 2004. He then sought review in the Louisiana Supreme Court which denied review on June 3, 2005. *State ex rel Roy Lee Jones v. State*, 2005-KH-2398 (La. 6/3/05).

Petitioner did not sign the instant petition for writ of *habeas corpus*, and it was filed in this court on July 1, 2005.

## LAW AND ANALYSIS

This petition was filed after the effective date of the

---

[1] Petitioner provides a statement from his prison drawing account that shows a withdrawal of funds to send legal mail to the Alexandria Clerk of Court's office on 4/19/04. This date comports with the denial date from the 9th Judicial District Court of his post-conviction application. See Rec. Doc. 3-2, p. 15

Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson*, 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith*, 142 F.3d 832, 834, citing *Lindh v. Murphy*, 521 U.S. 321, 117 S.Ct. 2059 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A). However, this limitation period cannot be applied retroactively to bar claims by petitioners whose convictions were final prior to the enactment of AEDPA. *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners are afforded a one-year grace period, or until April 24, 1997, to file an application for writ of *habeas corpus* in federal court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998); *Villegas v. Johnson*, 184 F.3d at 469 (5th Cir. 1999); *Flores, supra*.

If the petition is not filed within the one-year grace period, the courts are to apply the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) which provides that the time during which a properly filed application for post-conviction

relief was pending is state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Coleman, supra; Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, it should be noted that any lapse of time before the proper filing of an application for post-conviction relief is state court is counted against the one-year limitation period. *Villegas,* 184 F.3d at 472, citing *Flanagan,* 154 F.3d at 199, n.1. A petitioner cannot revive an expired limitation period simply by filing a petition in state court. *Id.; Bogan v. Moore,* 55 F.Supp.2d 597, 600 (S.D.Miss. 1999); *Sorce v. Artuz* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner's conviction was final prior to the enactment of AEDPA. Thus, in order to be timely, his petition for *habeas corpus* relief must have been filed prior to the passage of one year from the date of AEDPA's enactment. This one year is calculated by excluding the time during which a properly filed application for post-conviction relief was pending in state court.

In this case, Petitioner's application for post-conviction relief was filed in state court on or about April 19, 2004. This was after the expiration of the one-year limitation period for filing a petition for *habeas corpus* relief in federal court. The statutory tolling provisions are not applicable because once

the limitation period imposed by 28 U.S.C. §2244(d)(1) expired, it cannot be revived by the filing of an application for relief in state court.

Because Petitioner did not file his petition for *habeas corpus* relief on or before April 24, 1997, and because Petitioner had no applications for post-conviction relief pending during the time prior to the expiration of this limitation period which might have tolled the limitation period, this court finds that his petition is barred by the one-year limitations period established by 28 U.S.C. §2244(d)(1).

Accordingly, **IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (1) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. a party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by**

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this ___15___ day of _____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE